IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS D. BOULDING, SR., | ) | Civil Action No. 2: 13-cv-01752 |
| Plaintiff, | ) | |
| | ) | United States Court Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| SCI-PITTSBURGH, | ) | United States Magistrate Judge |
| Defendant. | ) | Cynthia Reed Eddy |

## MEMORANDUM ORDER

Plaintiff, Chris D. Boulding, Sr., proceeding *pro se*, initiated this prisoner civil rights action on December 9, 2013. Together with the Complaint, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which the Magistrate Judge initially denied for his failure to submit the proper documentation (ECF No. 2). After submitting the necessary account information (ECF No. 3), the Magistrate Judge then granted Plaintiff's request for *in forma pauperis* status (ECF No. 4), but directed him to pay $20.41 as an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A). Plaintiff had thirty days to submit the fee but he failed to do so. Therefore, the Magistrate Judge ordered him to show cause why this action should not be closed pending receipt of payment (ECF No. 7). His response was due on March 3, 2014, and as of the date of this Memorandum Order, Plaintiff has neither paid the initial partial filing fee nor shown cause why he is unable to do so.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Guver v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to

1

dismiss for failure to prosecute is committed to the court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n. 18 (3d Cir. 1995).

In *Poulis*, the United States Court of Appeals for the Third Circuit set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1.  *The extent of the party's personal responsibility.*

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order granting him *in forma pauperis status* and directing him to file an initial partial

2

filing fee of $20.41. There is also no indication that he did not receive the order to show cause as to why he had not done so. The responsibility for his failure to comply is Plaintiff's alone.

2. *Prejudice to the adversary*

In *Poulis,* prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendant has not yet been required to respond to the Complaint and, accordingly, has not suffered specific prejudice other than that caused by general delay.

3. *A history of dilatoriness.*

Plaintiff has made no effort to move this case forward and has ignored the Court's Orders dated January 2, 2014 (ECF No. 4) and February 13, 2014 (ECF No. 7). This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. *Whether the party's conduct was willful or in bad faith.*

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. *Alternative sanctions.*

Plaintiff is proceeding *pro se*, and despite being granted *in forma pauperis* status, he has not paid the initial partial filing fee as he was ordered to do. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. *Meritorious of the claim or defense.*

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage but absent the ability to serve the complaint on the Defendant, which cannot be accomplished

without Plaintiff's compliance with the prior orders of court, even a meritorious claim cannot proceed.

In summary, the majority of the *Poulis* factors weigh in favor of dismissal. Accordingly, this action will be dismissed.

AND NOW, this 7th day of March, 2014:

For the reasons set forth above, it is hereby **ORDERED** that this case is **DISMISSED** without prejudice for Plaintiff's failure to follow the Court's Order dated January 2, 2014, requiring him to pay an initial partial filing fee of $20.41, and therefore, failing to prosecute this action.

**IT IS FURTHER ORDERED** that the Clerk mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

SO ORDERED this 7th day of March, 2014.

Arthur J. Schwab
United States District Judge

cc: CHRIS D. BOULDING, SR.
JT1120
PO Box 256
Waymart, PA 15233